**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMIE OSUNA, | No. 1:24-cv-01009 KES SAB (PC) |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION |
| v. | |
| A. GUERRERO, et al., | Doc. 14 |
| Defendants. | |

Jamie Osuna is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. *See generally* Doc. 12. The magistrate judge screened the first amended complaint ("FAC") pursuant to 28 U.S.C. § 1915A(a) and found that Osuna failed to state a cognizable claim. Doc. 13. Osuna filed "An objection to magistrate judge's findings and order due to miscategorization of claims and errors and request to review errors." Doc. 14 at 1. The Court construes these objections to be a request for reconsideration of the screening order.

Requests for reconsideration by the district judge may be brought pursuant to Rule 72 of the Federal Rules of Civil Procedure. Rule 72(a) governs reconsideration of nondispositive matters, while Rule 72(b) concerns findings and recommendations of the magistrate judge on dispositive matters. *See* Fed. R. Civ. P. 72(a)-(b); *see also United States v. Abonce–Barrera*, 257 F.3d 959, 968 (9th Cir.2001). The challenged screening order is a nondispositive matter, as the order does not order or recommend dismissal of Osuna's claims. *See Miller v. Cal. Dep't of*

1

*Corr. & Rehab.*, 2013 WL 5954803, at *2 (E.D. Cal. Nov. 6, 2023) (explaining that screening order was "not dispositive" because magistrate judge did not order dismissal of any causes of action). For this reason, the Court reviews Osuna's request for reconsideration under Rule 72(a).

When a party seeks reconsideration of the magistrate judge's order under Rule 72, the district judge "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988). A district judge shall modify or set aside an order when it is "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019). The "clearly erroneous" standard applies to factual findings and is "significantly deferential." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be "left with the definite and firm conviction" that the magistrate judge made a mistake. *Avalos*, 798 F.Supp.2d at 1160. When a challenged order "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). Consequently, challenged factual conclusions are reviewed for clear errors, while challenged legal conclusions are reviewed to determine whether they are contrary to law.

Osuna contends the magistrate judge mischaracterized his first cause of action as arising under due process and "ignored Plaintiff's retaliation claims." Doc. 14 at 4; *see also id at* 3-6. Osuna's arguments are not supported by the record. In the FAC, Osuna included allegations related to the submission of grievances against various prison officials and asserted there were "deficiencies in the grievance program." *See* Doc. 12 at 23; *see also id.* at 18-24. Liberally construing the complaint—consistent with the Court's obligation in reviewing the pleadings of a pro se plaintiff—the magistrate judge addressed the legal standards concerning the right to petition for redress of grievances. Doc. 13 at 8. Contrary to Osuna's assertion, the magistrate judge did not end the analysis there and did not ignore the retaliation allegations. The magistrate

2

judge identified the applicable legal standard to state a cognizable retaliation claim under the First Amendment and found that Osuna failed to state a cognizable claim against any of the identified defendants. *Id.* at 10-13.

Osuna does not show the legal conclusions of the magistrate judge are contrary to law. As the magistrate judge indicated, Osuna "must allege specific facts showing retaliation *because of* the exercise of the prisoner's constitutional rights." Doc. 13 at 12 (emphasis added) (citing *Frazier v. Dubois*, 922 F.2d 560, 572 n.1 (10th Cir. 1990)). The FAC lacks factual allegations supporting a conclusion that the defendants acted specifically *because of* Osuna's filing of grievances and complaints. *See id.* Without additional allegations, the Court cannot find the required causation element of retaliation is satisfied. As the deficiencies identified by the magistrate judge may be cured, leave to amend was proper.

The Screening Order is supported by the record and proper analysis. Thus, the Court **ORDERS**:

　　1.　　The construed motion for reconsideration under Rule 72 is **DENIED**.

　　2.　　Plaintiff **SHALL** file any amended complaint within 30 days from the date of service of this order.

IT IS SO ORDERED.

Dated:　　April 9, 2026

_____
UNITED STATES DISTRICT JUDGE

3